UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ANDRE MARTIN, | ) | CASE NO. 4:07CV1723 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | JUDGE DAVID D. DOWD, JR. |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | MEMORANDUM OPINION |
| | ) | |

Pro se petitioner Andre Martin filed the above-captioned petition on June 11, 2007, seeking habeas relief pursuant to 28 U.S.C. § 2241. Mr. Martin named as respondents the United States of America, Warden Robert M. Tapia at the Northeast Ohio Correctional Center (N.E.O.C.C.) and the United States Marshal. Mr. Martin, who is incarcerated at N.E.O.C.C., seeks an order immediately releasing him from prison.

*Background*

On December 7, 2006, Mr. Martin pleaded guilty in this court to possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841 and being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). See United States v. Martin, No.

1:06CR0271 (N.D. Ohio filed June 1, 2006). He was sentenced on May 4, 2007 to 240 months in prison followed by ten years of supervised release.

Mr. Martin raises six grounds upon which he claims he is entitled to habeas relief from this court, namely: (1) the indictment filed against him is Constitutionally deficient; (2) the federal government lacks general police power over the people of the United States; (3) the issuance of the indictment and holding him in the custody of the United States Marshal were an encroachment on the sovereignty of the State of Ohio; (4) he "lacks the capacity to be sued or become a party to a lawsuit . . .(1:06cr-00271) due to lack of full disclosure, concealment and misrepresentation of material facts" (Pet. at 6); (5) all crimes are commercial pursuant to 27 C.F.R. § 72.11 and Title 18 and 21 of the U.S.C. have not been "inacted [sic] into positive law, and therefore can only be lawfully applied within the federal territories and possessions defined in Title 18 U.S.C. sec. 7" (Pet. at 6); and, (6) his prosecution for violating 18 U.S.C. § 922(g) and 21 U.S.C. §841 are "statutorily barred" because a similar state law exists to prosecute such conduct.

*28 U.S.C. § 2241*
*Savings Clause*

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, see Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Cabrera v. United States, 972 F.2d 23, 25-26 (2d Cir.1992); Cohen v. United States, 593 F.2d 766, 770 (6th Cir.1979). A prisoner's exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255. See In re: Lipscomb, 408 F.2d 1003, 1004 (6th Cir.), cert. denied, 396 U.S. 993 (1969). Specifically, §

2255 prohibits a district court from entertaining an application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to § 2255 "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; Lipscomb, 408 F.2d at 1004. A prisoner's "[f]ailure to obtain relief under [§]2255 does not establish that the remedy so provided is either inadequate or ineffective." Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963).

Under highly exceptional circumstances a federal prisoner may challenge his conviction and imposition of sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255 (last clause in fifth paragraph); Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir.1999). It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. See Id., at 756.

Three circuit courts permitted prisoners to circumvent § 2255 using § 2241, on the ground that the § 2255 remedy was "inadequate or ineffective" after the Supreme Court decided Bailey v. United States, 516 U.S. 137 (1995).[1] See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1998); In re Davenport, 147 F.3d 605, 608 (7th Cir.1998). These courts reasoned that since the Bailey decision was not a "new rule of constitutional law," prisoners who did not have "newly

---

[1] Bailey held that the lower courts had been sustaining convictions under § 924(c) for conduct that was not illegal.

discovered evidence" but wanted to collaterally attack their convictions as inconsistent with Bailey in a second or successive § 2255 petition were effectively barred from doing so by Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

In 1998, the Supreme Court further held that a first-time § 2255 petitioner could potentially proceed with a Bailey-based attack on his conviction despite not showing cause and prejudice excusing his failure to make the challenge on direct review. See Bousley v. United States, 523 U.S. 614, 623 (1998). The Bousley court declared that the attack "may still be reviewed in this collateral proceeding if [the petitioner] can establish that [an otherwise forfeited] constitutional error in his plea colloquy has probably resulted in the conviction of one who is actually innocent." Id. (citation and quotation marks omitted). The Sixth Circuit interpreted Bousley as clarifying that the claims made by the petitioners in Davenport, Triestman, and Dorsainvil were really just claims of "actual innocence," and that the practical effect of the holdings in those cases was to permit a petitioner to make a claim of "actual innocence" that was otherwise barred by AEDPA. Charles, 180 F.3d at 757.[2]

It is the prisoner's burden to prove that his remedy under § 2255 is inadequate or ineffective. See Id. at 756. There is no allegation in Mr. Martin's petition that he is either innocent or is otherwise entitled to utilize the safety valve provision of § 2255. First, he does not

---

[2]An actual innocence claim requires "factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623-24; Hilliard v. United States, 157 F.3d 444, 450 (6th Cir.1998). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." Murray v. Carrier, 477 U.S. 478, 496 (1986). The claims that Mr. Martin submits do not address his factual innocence. He challenges the Constitutionality of the indictment and the federal government alleged lack of jurisdiction over him. Therefore, there was nothing to prevent him from raising these same arguments in earlier pleadings.

cite to an intervening change in the law which reflects that he may be actually innocent of the crimes to which he pleaded guilty. Unlike other prisoners who have obtained review of their claims because they did not have a prior opportunity to present their claims on appeal or in a prior § 2255 motion to vacate, see Davenport, 147 F.3d at 611; Triestman, 124 F.3d at 378-80; Dorsainvil, 119 F.3d at 251, Mr. Martin had the opportunity to assert these claims in his present appeal.[3] Second, it is unclear whether and to what extent someone like Mr. Martin can show actual innocence in relation to a claim that only challenges the scope of the federal government's authority to charge any citizen with a federal crime. See Wofford v. Scott, 177 F.3d 1236, 1244-45 (11th Cir.1999); Keith v. Snyder, No. 01-6285, 2002 WL 1316398 (6th Cir. 2002). The issue is not dispositive, however, because Mr. Martin does not rely on any intervening Supreme Court decision for relief. See id.

Finally, petitioner's remedy under § 2255 is not rendered deficient for any other reason under the circumstances of this case. It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. See e.g., Charles, 180 F.3d at 756. Moreover, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, see Dorsainvil, 119 F.3d at 251 (3d Cir.1997), Tripati, 843 F.2d at 1162, or because the petitioner is procedurally barred from pursuing relief under § 2255, see In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); Garris v. Lindsay, 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), cert. denied, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate.

---

[3]The court takes note of the fact that Mr. Martin filed a pending Notice of Appeal with the Sixth Circuit Court of Appeals on May 9, 2007. Counsel was appointed to assist him with his appeal on May 10, 2007.

See Davenport, 147 F.3d at 608.  Further, the remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255.  See Charles, 180 F.3d at 758.

Accordingly, the petition for writ of habeas corpus is denied and this action is dismissed pursuant to 28 U.S.C. § 2243, but without prejudice as to any § 2255 petitioner seeks to file.[4]  Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

   s/David D. Dowd, Jr.  7/30/2007

DAVID D. DOWD, JR.
UNITED STATES DISTRICT JUDGE

---

[4] In In re Shelton, 295 F.3d 620, 622 (6th Cir.2002) (citing Adams v. United States, 155 F.3d 582, 584 (2nd Cir.1998)), the Sixth Circuit held that, with regard to pro se litigants in particular, '[D]istrict courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2255 unless (a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized.' Unless such a warning is provided, a re-characterized § 2255 motion must not be counted against the prisoner for purposes of the bar on successive motions.